LAND, J.
 

 Defendants were tried for manslaughter and were convicted. Each was sentenced to the state penitentiary for a term of not less than 6 and not more than 10 years.. Both defendants have appealed, and rely upon: four bills of exceptions reserved tó the rulings of the trial judge. Five bills appear in the record, but bill No. 1, relating to the alleged illegal constitution of the jury commission, has been abandoned because of the decision of this court in the recent case of' State v. Cullens (No. 29,976 on our docket} 123 So. 645,
 
 [1]
 
 in which it is held that the acts' of a jury commission cannot be attacked collaterally, as it is at least a de facto body.
 

 1. Bill No. 2 was reserved to the admissibility of the dying declaration of the deceased, on the ground that a proper foundation had not been established for its introduction.
 

 The evidence shows that the skull of the deceased had been fractured by a brick hurled at him by the defendant Harrison; that blood-was running from the ears and nose of deceased when he was brought home by friends; that he remained conscious about a half hour after reaching his home, then lapsed into unconsciousness, and died within about 12 to 14 hours thereafter.
 

 The contention of counsel for defendants that the wife did not hear the statement of the deceased evidencing his belief of impending dissolution, but that this statement was made to her father and repeated by him to her, is not borne out by the record. The evidence shows clearly that, before the deceased became unconscious, he said to his wife that “he was hurt bad,” and later stated to the father of his wife, in her presence., that “he would not be here much longer.”
 

 The trial judge found that the statement of
 
 *1118
 
 the deceased to the father of his wife was made in articulo mortis, and sufficiently indicated a sense of impending dissolution, in the belief of the deceased, when the statement was made.
 

 The judge a quo accepted the testimony of the wife of deceased as trustworthy and sufficient to lay a proper foundation for the introduction of the dying declaration of the deceased, and we find no good reason for not concurring in this view of the matter.
 

 2.
 
 Bill No. 3.
 
 The defendant Harrison placed a witness upon the stand to prove the general reputation of defendant in the community as a peaceable and law-abiding citizen.
 

 After stating that he lived about a mile from the place of the defendant, and had known him for the last 10 or 15 years, the witness was asked if he knew the general reputation of defendant, and answered affirmatively. The state then asked for the right to cross-examine the witness, who admitted under cross-examination that he had not heard any one discuss the general reputation of the defendant before the homicide was committed. The state then objected to the testimony of the witness as to the general reputation of the defendant, on the ground that the witness was incompetent to testify as to such reputation. The objection was properly sustained, as it is manifest that the witness knew nothing about the general reputation of the defendant, and, had he been permitted to testify, would have stated only his individual opinion as to such reputation. State v. Ciaccio, 163 La. 563, 112 So. 486.
 

 3.
 
 Bill No. 4-
 
 This bill was reserved to the overruling by the trial judge of a motion for a new trial. This motion merely reiterates as grounds for a new trial the bills of exceptions already reviewed and disposed of in this opinion, with the additional ground that the verdict was contrary to the law and the evidence. The trial judge declares in the per curiam to this bill that the evidence fully sustained the verdict. Nothing is presented, therefore, for review by this court.
 

 4.
 
 Bill No. 5.
 
 This bill is reserved to the overruling of a motion in arrest of judgment, predicated upon the alleged illegal constitution of the jury commission, as set forth in bill No. 1, which has been abandoned by defendants. This bill necessarily fails with the abandonment by defendants of bill No. 1.
 

 The conviction and sentence of each of the defendants are affirmed.
 

 [1]
 

 Ante, p. 976.